Patricia Ryan **BOND** et al., Plaintiffs,

v.

**VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY**, as represented By, T. Marshall Hahn, et al., Defendants.

Civ. A. No. 74-C-58-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 20, 1974.

---

Robert P. Dwoskin, Charlottesville, Va., for plaintiffs.

Walter H. Ryland, Asst. Atty. Gen., Richmond, Va., and David L. Ross, Gen. Counsel, Blacksburg, Va., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

Plaintiffs are women graduate and undergraduate students at Virginia Polytechnic Institute and State University (hereinafter V.P.I). All are participants in V.P.I.'s Student Health Plan. Plaintiffs are suing on behalf of themselves and all others similarly situated and have asked this court to determine whether or not the Student Health Plan has violated the Equal Protection Clause of the Fourteenth Amendment through not including certain services. Specifically, plaintiffs allege that the denial of pap tests and gynecological examinations works as an invidious discrimination based upon the sex of the plaintiffs. Relief sought is in the nature of a preliminary injunction and any further appropriate remedies. Jurisdiction is conferred upon this court under 28 U.S. C. § 1343(3) and (4) and 42 U.S.C. § 1983.

The named defendant, the Virginia Polytechnic Institute and State University, is a state-financed institute of higher education. (See Code of Va., 1950, § 23–136). The suit is directed against V.P.I. as represented by four named officials: T. Marshall Hahn, President; William Lavery, Executive Vice President; James Dean, Vice President of Student Services; and Charles Shiffert, physician and a director of the Department of Student Services.

Plaintiffs have alleged that they requested pap tests and gynecological examinations as part of the Student Health Plan and that their requests were denied by the named officials because the Plan did not include such "specialty services". The Student Health Plan is financed primarily through student fees which provide for out-patient department visits, most medication for acute illnesses, some laboratory and x-ray procedures and admission to the in-patient department. While the Health Plan provides medical services to deal with minor illnesses and emergencies, it does not provide "specialty services including the prescription of contraceptive devices or drugs."

The defendants have filed a motion to dismiss giving several grounds for dismissal including a failure to state a claim upon which relief can be granted. Taking plaintiff's allegations as true, the court dismisses the case based upon the Supreme Court decision in Geduldig v. Aiello, 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256, decided June 17, 1974.

In Geduldig v. Aiello, *supra*, the Supreme Court held that a state disability insurance program did not violate the Equal Protection Clause of the Fourteenth Amendment by its sole exclusion of disabilities due to normal pregnancies from coverage under the program. The Supreme Court stated that the underinclusiveness of the disability program was not of itself a violation of the Equal Protection Clause:

> The Equal Protection Clause does not require that a state must choose between attacking every aspect of a problem or not attacking the problem at all.

The court reasoned that a state has a legitimate interest in maintaining the self-supporting nature of its program, and may limit the scope of its coverage

so long as there are no risks from which men are protected and women not and no risks from which women are protected and men not.

The V.P.I. Student Health Plan is underinclusive in that it does not provide "specialty services"; however, this limitation does not conflict with the Equal Protection Clause. Plaintiffs' allegations only attack the underinclusiveness of the Plan and do not allege that there are any risks from which men are protected and women not. Without more, the allegations do not indicate any state action in conflict with the Equal Protection Clause. Therefore, the court must dismiss the complaint for failure to state a claim upon which relief can be granted, and it is so ordered.